UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:17-CR-027-CHB-1 |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING MAGISTRATE** |
| DUSTIN JOLLY, ) | **JUDGE'S REPORT AND** |
| ) | **RECOMMENDATION** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Candace J. Smith. [R. 139]. The Report and Recommendation addresses Dustin Jolly's Motion to Vacate under 28 U.S.C. § 2255. [R. 114]. The United States responded, [R 127], and Jolly replied, [R. 133]. Judge Smith recommended that Jolly's Motion be denied. [R. 139, p. 1]. Jolly filed objections. [R. 142]. This matter is ripe for consideration. For the reasons below, the Court will adopt the Magistrate Judge's Report and Recommendation and deny Jolly's Motion.

I. BACKGROUND

On November 16, 2017, a federal grand jury issued a Superseding Indictment charging Dustin Jolly with conspiracy to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count I); possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count II); and possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count III). [R. 26]. Jolly pleaded guilty to Counts I and II of the Superseding Indictment on April 9, 2018. [R. 73; R. 74].

The mandatory minimum sentence for the conspiracy-to-distribute charge in Count I was five years. *See* 21 U.S.C. § 841(b). However, as detailed in the Notice by United States Regarding Enhanced Statutory Punishment, [R. 65], Jolly's prior state felony conviction enhanced the mandatory minimum sentence to ten years. *See* 21 U.S.C. § 841(b)(1)(B). The United States' Notice, as incorporated into the presentence report ("PSR"), identified Jolly's prior conviction as Complicity to Traffic in Controlled Substance (Cocaine) and stated that he was sentenced to five years imprisonment (suspended with five years' probation). [R. 65; R. 114–2]. Jolly did not object to the PSR or the underlying Notice at sentencing. [R. 112, p. 13]. As to Count I, both parties argued for a downward variance from the Guideline Range of 151 to 181 months imprisonment, and the Court agreed. *Id.* at 15, 32. On August 7, 2018, this Court sentenced Jolly to the mandatory minimum of ten years imprisonment for conspiracy to distribute, Count I, and a mandatory consecutive five-year imprisonment for the firearm possession charge, Count II, for a total sentence of 180 months. [R. 91]. He did not appeal.

On August 5, 2019, Jolly filed a Motion to Vacate under 28 U.S.C. § 2255. [R. 114]. He argues that the Court should vacate his sentence because: (1) the United States misidentified the state court conviction underlying the § 851 sentence enhancement, (2) his trial counsel was ineffective for failing to challenge the misidentification regarding the sentence enhancement, and (3) his trial counsel was ineffective for failing to challenge his state court counsel's alleged conflict of interest. [R. 114–1, pp. 5–68]. He also requests an evidentiary hearing. *Id.* at 69–72. The United States responded, [R. 127], and Jolly replied, [R. 133]. Magistrate Judge Smith then issued a Report and Recommendation, concluding that this Court should deny Jolly's petition. [R. 139, pp. 1–21]. Specifically, Judge Smith determined that Jolly's direct sentence enhancement claim was waived, procedurally defaulted, and meritless. *Id.* at 3–14. She further

reasoned that Jolly's ineffective assistance of counsel claims fail, and that this Court should deny both an evidentiary hearing and a certificate of appealability. *Id.* at 14–17, 19–20.

Jolly then filed Objections. [R. 142]. His objections largely track the arguments in his Motion and Reply. *See id.*; *see also* [R. 114; R. 133]. As to his direct sentence enhancement claims, he argues that (1) his claim is not waived because his waiver was not knowing and intelligent; (2) his attorney's failure to file an appeal excuses his procedural default; and (3) the claim is not meritless because his prior conviction should not be classified as a felony for purposes of § 841. *Id.* at 1–24. As to the ineffective assistance of counsel claims, he contends that (1) his trial counsel's failure to object to the conviction listed in the Government's Notice was unreasonable and caused prejudice; and (2) his claim regarding his state court counsel's conflict of interest is aimed at his federal trial counsel and has merit. *Id.* at 24–25. He also, for the first time, claims ineffective assistance of counsel based on his attorney's failure to file his requested appeal. *Id.* at 9–13.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B), a district court judge may designate a magistrate judge to submit findings of fact and recommendations on applications for post-trial relief made by individuals convicted of criminal offenses. Federal Rule of Civil Procedure 72(b)(2) gives a petitioner fourteen days after service to file objections to a Magistrate Judge's report and recommendations. This Court must make a *de novo* determination of dispositive matters to which specific objections are made. Fed. R. Civ. P. 72(b)(3); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection, which preserves the issue for appeal, "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 1997) (citation omitted). Courts need not conduct *de novo* review of general

objections that fail to identify specific factual or legal issues, because it duplicates the Magistrate Judge's efforts and wastes judicial economy. *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Courts construe *pro se* filings more leniently than those prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts do *not* have "an affirmative duty . . . to scrutinize *pro se* [pleadings] to determine whether there is a cause of action other than the one pleaded by the [*pro se* litigant] that is more advantageous to him." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Further, a *pro se* litigant must still comply with court rules and procedural requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Tobias v. State*, No. 18-1892, 2018 WL 8969133, at *1 (6th Cir. Dec. 17, 2018).

### III. ANALYSIS

The Court has thoroughly reviewed Jolly's objections, and for the reasons below, agrees with Judge Smith that his Motion should be denied.

#### a. Direct Challenge to Sentence Enhancement

In his § 2255 Motion, Jolly contends that he is entitled to relief under § 2255 because the United States misidentified the state court conviction underlying his sentence enhancement as Complicity to Traffic in Controlled Substance (Cocaine). [R. 65; R. 114–1, pp. 4–10]. He claims that his actual conviction, Possession of a Controlled Substance (Cocaine), would not have increased his statutorily mandated minimum sentence. [R. 114–2, p. 4; R. 133, p. 9]. He further argues that the government incorrectly stated the date of his conviction (as May 22, 2009, rather than his actual plea date of May 14, 2009) and length of his sentence (five years rather than his actual two-year sentence). [R. 142, p. 4, n.1]. Judge Smith determined that Jolly's direct

challenge to the sentence enhancement was procedurally defaulted, waived, and meritless. [R. 139, pp. 3–14].

### i. Procedural Default

The Court will first address the procedural default issue raised *sua sponte* by the Magistrate Judge. *Id.* at 6–7. If a movant fails to raise a claim on direct appeal, the movant is procedurally barred from seeking § 2255 relief on that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *see also Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) ("Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process.")."Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citing *Bousley*, 523 U.S. at 622). Attorney error can excuse procedural default, but only if it rises to the level of ineffective assistance of counsel under the demanding *Strickland v. Washington* standard. *Sullivan v. United States*, 587 F. App'x 935, 942 (6th Cir. 2014); *see also Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993).

Because the United States did not raise procedural default in its Response, the Magistrate Judge raised the issue *sua sponte* and found that Jolly's failure to timely appeal his sentence defaulted his claim. Judge Smith explained that "[t]his Report and Recommendation provides notice to Jolly that the claim is procedurally defaulted. The period for filing objections . . . gives him the opportunity to present his position on the issue." *Id.* at 6–7, n.5. In his Objections, Jolly argues that his attorney's failure to file his requested appeal excuses his procedural default. [R. 142, pp. 8–13]. Jolly did not mention this issue in his § 2255 Motion or in his Reply. *See*

- 5 -

*infra* Section III(b)(iii). Jolly argues that counsel's failure to file his requested appeal provides the requisite cause and prejudice to excuse procedural default. As Jolly correctly notes, failure to file a requested appeal can constitute ineffective assistance of counsel. [R. 142, pp. 8–13]; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477–84 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). But here, we have very few facts to determine if Jolly actually requested the appeal. Jolly states that he "requested defense counsel to file an appeal, but counsel ignored Jolly's request and told Jolly that he had waived his rights to an appeal, per his plea agreement 'appeal waiver,' and that Jolly had no appealable issues." [R. 142, p. 10]. He contends that his subsequent transcript requests prove his desire to appeal, but these requests occurred long after his appeal deadline passed. *Id.* at 9; *see also* [R. 101; R. 102; R. 104; R. 108; R. 109; R. 110; R. 111]. His transcript requests, the first of which he filed over three months after his Judgment, are arguably more consistent with preparation of a § 2255 motion than an attempt to file a direct appeal, as the Court informed him directly of the fourteen-day deadline to appeal and the record does not indicate that he ever filed a delayed appeal. [R. 112, p. 40]. Regardless, the Court need not definitively decide this matter as the claim is waived and meritless.

      **ii.  Waiver**

Jolly waived his direct challenge to the sentence enhancement when he failed to raise it at his sentencing. Under 21 U.S.C. § 851(c)(2), "[a]ny challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." Jolly argues that he did not waive this claim because he had "no knowledge of federal laws or the complicated and adversarial nature of the 21 U.S.C. § 851 statute (or the U.S.S.G.)" and "relied totally on the

advice of his court appointed attorney" when responding to the Court's questions. [R. 142, p. 1]. However, at the sentencing hearing, Jolly confirmed before the Court that he understood the contents of the Notice and had no objections to it.[1] This Court explained to Jolly that failure to raise arguments against his prior state conviction at the sentencing hearing would waive such arguments:

> THE COURT: And I'm sure that Mr. Stephens has already explained this to you when you went over it in your plea, because that notice was filed before your plea. But if you do not challenge the existence of that prior conviction before I sentence you, you cannot challenge the existence of that previous conviction on appeal or in a post conviction proceeding.
> (The defendant and Mr. Stephens conferred off the record.)
> THE DEFENDANT: Yes, ma'am.
> THE COURT: You understand that, correct?
> THE DEFENDANT: Yes, ma'am
> THE COURT: And you have no objection to that?
> THE DEFENDANT: No, ma'am.

[R. 112, p. 13]. Further, Jolly's argument about his lack of understanding runs counter to his repeated assertions that he told his trial counsel about the inaccuracy of the prior conviction. [R.114–1, p. 14; R. 142, p. 3]. Rather, it appears Jolly noticed the misidentification in the Notice and could have raised the issue before this Court either prior to sentencing or during his sentencing colloquy. His failure to raise the issue waives it. *See* 21 U.S.C. § 851(c)(1) ("If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information."); *United States v. McKinney*, 602 F. App'x 237, 241 (6th Cir. 2015) ("[D]efendants waive the right to challenge the reliability of the information in a PSR by not objecting to it at the original sentencing.").[2]

---

[1] Interestingly, the government identified the prior conviction as "felon in possession of a controlled substance" at sentencing. [R. 112, p. 13] Neither party noted that the conviction identified at sentencing varied from the conviction listed in the government's Notice. *See id.*

[2] To clarify for Defendant, Judge Smith referenced *United States v. Cavazos* merely to refute Defendant's contention that a due process claim cannot be waived. [R. 139, p. 5]. Judge Smith cited *Cavazos* to show that the Sixth Circuit has expressly condoned waiver of due process arguments under a similar provision of § 851; she did not apply § 851(e) to Jolly's case. *Id.*

Further, the Sixth Circuit has recently stated that "[a] defendant waives the argument that a sentencing enhancement does not apply by 'explicitly agreeing' that it does, such as through 'plain positive concurrence" for example "where 'his counsel expressly agreed to the court's proposed' course of action in a sentencing hearing." *United States v. Sheffey*, 818 F. App'x 513, 517 (6th Cir. 2020) (quoting *United States v. McBride*, 826 F.3d 293, 294–95 (6th Cir. 2016); *United States v. Brown*, 727 F. App'x 126, 129 (6th Cir. 2018)). Here, Jolly's counsel did not object to the Court's proposed course of action, and in fact explicitly agreed with the Court's assessment of the statutory punishment range pursuant to the § 851 enhancement. [R. 112, p. 14] ("The Court: 'So, Mr. Stephens, do you agree that these are the maximum statutory ranges for Count 1 and Count 2?' Mr. Stephens: 'Yes, ma'am, as a result of the 851 notice, that's correct.'"). Accordingly, the Court agrees with the Magistrate Judge that Jolly waived any his challenge to the accuracy of the § 851 Notice based on his failure to raise the issue at sentencing.

### iii. Merits

Even if Jolly did not waive this claim by failing to raise it at sentencing, it is meritless. Jolly argues that the Court lacked authority to enhance his sentence because the government failed to provide him reasonable notice of the prior conviction on which it relied. [R. 142, p. 19]. Section 851 requires that the government file a notice if it intends to rely on prior convictions at sentencing. 21 U.S.C. § 851(a)(1). But, despite Jolly's textualist arguments to the contrary, "not all errors render a § 851 notice invalid." [R. 139, p. 9]; *see also* [R. 142, pp. 16–17]; *United States v. Brown*, 677 F. App'x 247, 250–51 (6th Cir. 2017). Rather, "the proper inquiry is whether the government's information provided the defendant reasonable notice of [its] intent to rely on a particular conviction and a meaningful opportunity to be heard." *Id.* (quoting *United States v. King*, 127 F.3d 483, 488–89 (6th Cir. 1997)) (internal quotations omitted).

For example, in *Brown*, the Sixth Circuit reasoned that the government provided sufficient notice despite providing an incorrect date and county of conviction. *Id.* at 251. Specifically, the Sixth Circuit determined that the notice was sufficient to notify Brown of the government's intent to rely on "his 1983 Tennessee conviction," regardless of the inaccuracies in the report. *Id.* In *United States v. Steen,* 55 F.3d 1022, 1028 (5th Cir. 1995), the Fifth Circuit rejected a claim closely analogous to Jolly's claim. [R. 139, p. 9]. Like the present case, the error in *Steen* "occurred because the Government described what it believed to be the charged offense, not that to which Steen had pled guilty." *See id.* The *Steen* notice correctly stated the "date of conviction, the venue, and the cause number of the case for each of Steen's prior convictions." *Id.* The Fifth Circuit reasoned that the errors only negate "the notice provided by the other listed data only if the discrepancy misled Steen to his prejudice." *Id.* Steen filed a pretrial motion challenging the admissibility of his prior convictions, in which he correctly identified the convictions on which the government intended to rely. *Id.* The court held that because Steen made clear that he understood the prior convictions upon which the government intended to rely, the errors in the notice did not mislead him. *Id.*

Here, the Government's Notice gave Jolly "reasonable notice" of the government's intent to rely on his 2009 conviction in Jefferson Circuit Court. The government correctly identified the month and year of conviction, the court in which he was convicted, and the case number, which collectively notified Jolly that the Government intended to rely on his 2009 Jefferson County Circuit Court conviction in case number 07-CR-03431. *See id.*; *see also Brown*, 677 F. App'x at 250–51. Further, although Jolly contests that the Government's Notice misled him, Jolly's pleadings illustrate that he understood the conviction on which the Government intended to rely. *See Steen*, 55 F.3d at 1028. As discussed above, Jolly repeatedly asserts that he informed his trial

counsel that he did not plead guilty to the listed trafficking offense, but rather to possession, demonstrating that the Government's Notice did not mislead him. [R.114–1, p. 14; R. 142, p. 3].

Moreover, Jolly's counter arguments are unpersuasive. First, Jolly argues that *Steen* is distinguishable because the Government in *Steen* filed an amended Notice correcting its errors. [R. 142, p. 5]. But the *Steen* court did not rely on the amended Notice in its reasoning or holding. *See Steen*, 55 F.3d at 1026 ("The question . . . is whether the Government's identification of Steen's prior conviction, even with its inaccuracy, was nonetheless sufficient to satisfy § 851(a)."). Second, Jolly argues that this case is most like *United States v. Hyppolite*, 609 F. App'x 597 (11th Cir. 2015) (which Jolly incorrectly refers to as *United States v. Sereme*), in which the Eleventh Circuit found a government's notice insufficient under § 851. *Id.* at 608–09; [R. 142, p. 15, n.5]. Although *Hyppolite* did involve errors in the government's notice, it more importantly involved errors in the underlying state court judgment, which the Oklahoma court amended after his federal sentencing. *Id.* ("Because the government sought to base Sereme's enhanced penalties on a judgment that was not entered until after trial and sentencing had commenced, whatever notice was provided failed to comply with the demands of § 851."). The Eleventh Circuit reasoned that Sereme did not have reasonable notice of the underlying conviction on which the government relied, because his counsel would have been unable to investigate the conviction until the Oklahoma court amended the crime of conviction, date, and applicable statutory section. *Id.* at 611. *Hyppolite* is distinguishable from Jolly's case and not contrary to the law cited above. In sum, while the government seems to have sloppily prepared its Notice, and despite Jolly's arguments to the contrary, there is no indication that the Notice misled Jolly.

Importantly, even if the Government failed to provide "reasonable notice" under § 851, Jolly cannot prevail on this due process claim because his actual possession conviction still qualifies as a felony drug offense garnering a sentence enhancement under § 841(b)(1)(B). Because the misidentified conviction did not impact his sentence, Jolly has not established a "substantial or injurious effect" required for a meritorious § 2255 claim. *See Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (explaining that, to prevail on a § 2255 motion alleging a constitutional violation, a defendant must "establish an error of constitutional magnitude, which had a substantial and injurious effect or influence on the proceedings."); *see also Chapman v. United States*, No. 7:18-CR-00005-KKC-EBA-1, 2021 U.S. Dist. LEXIS 249411, at *5 (E.D. Ky. Dec. 21, 2021) (same).

The definition of "felony drug offense," in effect at the time of Jolly's conviction, for purposes of the sentence enhancement under § 841(b)(1)(B) is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restrict conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44); *United States v. Gallegos*, 553 F. App'x 527, 532 (6th Cir. 2014) (explaining that § 802(44) provides the definition of "felony drug offense" for purposes of § 841); *Bargo v. Kizziah*, No. 6:19-CV-082-CHB, 2019 WL 1560885, at *2 (E.D. Ky. Apr. 10, 2019) (rejecting use of the categorical approach because § 802(44) provides the test for "felony drug offense" under § 841). In other words, a conviction qualifies as a "felony drug offense" if it (1) involves one of the enumerated substances and (2) is punishable for more than a year.

Jolly argues that his possession conviction is not a "felony drug offense" under § 841(b)(1)(B). [R. 142, p. 20]. To support his contention, he reiterates the two legal arguments

advanced in his Motion to Vacate: (1) the Court should adopt the standards set forth in *Lopez v. Gonzales* and its progeny, and (2) the Court should use the "categorical approach." *Id.* at 20–24. Judge Smith has already rightly determined that these arguments fail, but this Court will offer further explanation. [R. 139, pp. 12–13].

First, *Lopez* and its progeny analyzed which felonies justify removal under the Immigration and Nationality Act (INA). *Lopez v. Gonzales*, 549 U.S. 51 (2006); *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010); *Moncrieffe v. Holder*, 569 U.S. 184 (2013). In Lopez, the Supreme Court found that possession of cocaine was not an aggravated felony under the INA, regardless of its felony categorization under state law. *Lopez*, 549 U.S. at 53. *Lopez* and its progeny do not deal with the definition of a felony drug offense under § 841. Because these cases dealt solely with the INA, *Lopez* and its progeny are inapplicable. *United States v. Gallegos*, 553 F. App'x 527, 532 (6th Cir. 2014) (finding *Moncrieffe* "inapposite" to whether a defendant's prior conviction of marijuana possession qualified as a "felony drug offense" under the Controlled Substances Act); *United States v. Wing*, No. 5:12-CR-00087-JMH-HAI, 2016 WL 3676333, at *2 (E.D. Ky. July 7, 2016) ("Neither *Moncrieffe* nor *Lopez* . . . address the definition of 'felony drug offense' for the purposes of 21 U.S.C. § 841 and are, thus, inapplicable.").

Second, Jolly argues that the Court should adopt the "categorical approach" to felonies under the Controlled Substances Act, as adopted in cases like *Moncrieffe* and *Elder*. [R. 142, pp. 20–22]. The categorical approach requires a court to compare "the state statute of conviction to the federal statute in question" and ask "whether the two statutes are a categorical match." *United States v. Elder*, 900 F.3d 491, 498 (7th Cir. 2018). In other words, under the categorical approach, a court solely compares the elements of the state and federal statutes, "while ignoring the particular facts" of the case at hand. *Id.* (internal quotations and citation omitted). Jolly cites

*Elder*, in which the Seventh Circuit applied the categorical approach to § 841(b)(1) and § 802(44). *Id.* at 498–99. However, cases like *Elder* are inapposite because the Sixth Circuit does not apply the categorical approach to cases, like this one, that arise under § 841. *United States v. Graham*, 622 F.3d 445, 456–57 (6th Cir. 2010); *United States v. Soto*, 8 F. App'x 535, 541 (6th Cir. 2001); *Bargo*, 2019 WL 1560885, at *2 ("Given the breadth of [§ 802(44)], the use of the categorical approach is neither necessary nor appropriate."); *United States v. Shields*, No. 5:16-85-DCR-1, 2018 WL 561856, at *5 (E.D. Ky. Jan. 25, 2018) ("[E]very member of this Court to consider the issue has held that the categorical approach does not apply to the determination of whether a prior conviction is a 'felony drug offense' under 21 U.S.C. § 802(44).").

Jolly acknowledges that the Sixth Circuit, originally in *United States v. Soto*, has expressly disavowed the categorical approach in this context, but argues that "the landscape of federal law has changed significantly since *Soto*." [R. 142, p. 21]. However, even as recently as 2020, the Sixth Circuit refused to adopt the categorical approach to cases that arise under § 841. *Meeks v. Kizziah*, No. 20-5420, 2020 WL 9396243, at *2 (6th Cir. Dec. 15, 2020) ("[W]e do not utilize the categorical approach to determine whether a prior conviction is a 'felony drug offense' under § 841(b)(1)."). The Sixth Circuit's refusal to adopt the categorical approach is binding on this Court.

According to the test applied by the Sixth Circuit, as set forth in § 802(44), it makes *no difference* in the sentence calculation whether Jolly's state court conviction was trafficking or possession—both are felonies. All that matters under § 802(44) is that his prior conviction involved one of the listed substances and was punishable for more than one year. His state court conviction for possession of cocaine (a "narcotic drug" as defined in 21 U.S.C. § 802(17)(d)), for which he was sentenced to two years imprisonment, satisfies this test. Even if the United States

had correctly identified his state court conviction as possession rather than trafficking, the mandatory minimum would still be ten years. Thus, Jolly is not entitled to relief based on the misidentification of his state court conviction.

### b. Ineffective Assistance of Counsel Claims

In his § 2255 Motion, Jolly argues that his trial counsel was ineffective for failing to raise (1) the incorrectly identified state court sentence underlying his sentence enhancement, and (2) the alleged conflict of interest of his state court counsel. [R. 114–1, pp. 18–68]. He also raises a new ineffective assistance of counsel argument for the first time in his objections, arguing that his counsel failed to follow his request to file an appeal. [R. 142, pp. 10–13].

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his counsel's performance was deficient, and (2) that he suffered prejudice due to the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court may address the two prongs in either order and need not address both prongs if defendant fails to satisfy one. *Id.* at 697. A counsel's performance is deficient if it "fell below an objective standard of reasonableness." *Id.* at 687–88. The prejudice standard is burdensome, requiring a defendant to demonstrate a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id.* at 694–95. Specifically, to satisfy the prejudice standard after entering a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012). And in the sentencing context, the Sixth Circuit has explained that if a court is "left with pure speculation on whether the outcome . . . could have been any different, there has been an insufficient showing of prejudice." *Spencer v. Booker*, 254

F. App'x 520, 525 (6th Cir. 2007) (quoting *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004)) (internal quotations omitted).

### i. Failure to Raise Misidentification

Jolly is not entitled to relief on his ineffective assistance of counsel claim regarding counsel's failure to raise the government's misidentification of his state court conviction because the failure did not cause prejudice. "Where ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney." *Spencer*, 254 F. App'x at 525 (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)). Even if his trial counsel had informed the Court of the misidentification, Jolly's mandatory minimum sentence would still be ten years because the possession charge to which he pleaded guilty qualified as a "felony drug offense." *See supra* Section II(a). Further, as Judge Smith correctly notes, there is no indication that this Court "would have further departed from the Sentencing Guidelines to sentence him below 120 months" had the United States correctly identified Jolly's prior sentence as possession rather than trafficking. [R. 139, p. 16]. In fact, at sentencing, the government correctly identified the prior conviction as "felon in possession of a controlled substance." [R. 112, p. 13]. Because Jolly has not demonstrated prejudice, the Court need not analyze whether his attorney's conduct was unreasonable. *See Strickland*, 466 U.S. at 697. This ineffective assistance of counsel claim fails.

### ii. Failure to Raise Conflict of Interest

Jolly's second claim of ineffective assistance of counsel, involving his state court counsel's successive conflict of interest, likewise fails. The Court agrees with Judge Smith that the heart of this argument is aimed at his state court counsel's alleged misdeeds. [R. 139, pp. 16–17]. However, interpreting Jolly's *pro se* arguments liberally, the Court will address the

argument as against his federal trial counsel. As best the Court can construe, Jolly is alleging that his federal trial counsel unreasonably failed to challenge the third-party witness's proffer to the government because it contained confidential information shared by Jolly with his former state court counsel. [R. 142, pp. 24–25]. Jolly's accusations of Boyd's misconduct are troubling, but he fails to articulate how his trial counsel's failure to raise the conflict of interest prejudiced him in this matter. *See id.* There is no indication in the record that the outcome of Jolly's case would have been different had counsel raised this issue; he does not claim that this decision would have impacted his decision to plead guilty. *See Campbell*, 686 F.3d at 357; *see also Strickland*, 466 U.S. at 694 (requiring a petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Accordingly, because Jolly has not shown the required element of prejudice as to this claim of ineffective assistance of counsel, the Court agrees with Judge Smith that this claim fails.

### iii.  Failure to Appeal

Finally, for the first time, in his objections, Jolly raises a new ineffective assistance of counsel claim. [R. 142, p. 9]. He claims that his trial counsel failed to follow his request to file an appeal. *Id.* Regardless of whether Jolly waived his claim about the misidentified state court conviction by failing to object at sentencing, his counsel had an obligation to file the requested appeal. *Campbell*, 686 F.3d at 360 ("[E]ven when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal."). Failure to follow the client's request to appeal is presumptively prejudicial, regardless of waiver. *Id.* However, a defendant waives arguments that he fails to raise before the Magistrate Judge. In *Murr v. United States*, the Sixth Circuit reasoned,

> Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.

200 F.3d 895, 900 n.1 (6th Cir. 2000).

Jolly's failure to raise this claim before the Magistrate Judge waives it.[3] Jolly provides no compelling reasons why he could not have raised this issue before the Magistrate Judge. Indeed, he admits that he "did not per se address defense counsel's ineffective assistance of counsel in that regard" (referring to this issue) in his Motion or Reply but asks the Court to review it anyway. [R. 142, p. 13 n.4]. But, as the Sixth Circuit stated in *Murr*, 28 U.S.C. § 631 "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *See* 200 F.3d at 900 n.1; *see also United States v. Combs*, 6:18-cr-00003-GFVT-MAS, 2021 WL 1202064, at *4 (E.D. Ky. Mar. 29, 2021) (finding a claim not entitled to de novo review because it "was not properly raised before the Magistrate Judge but, instead, was raised for the first time in his objections to the Report and Recommendation."). Further, Jolly's argument is lacking in specific facts to support his contention that his trial counsel failed to file a requested appeal. S*ee Story v. United States*, No. 2:17-CV-00114-JRG-CRW, 2020 WL 6141047, at *9 (E.D. Tenn. Oct. 19, 2020) (finding that a petitioner who merely claimed that "he requested counsel to file a 'direct appeal' and that his '[c]ounsel failed to file a 'direct appeal'"

---

[3] Jolly argues that it would be unfair for the Court to find his claim waived for failure to raise it in his Motion because the Magistrate Judge seemingly forgave the government's failure to raise the issue of procedural default and addressed it *sua sponte*. However, the Sixth Circuit has directly stated that a court can determine procedural default *sua sponte* so long as the defendant has "the opportunity to address the issue in his objections to the magistrate judge's report and recommendation." *Wells v. Warden, Belmont Corr. Inst.*, No. 18-3125, 2018 WL 3869276, at *2 (6th Cir. Apr. 30, 2018). The Court can understand why this appears unfair to Jolly, but there is a difference between the government failing to raise every ground for dismissing a motion and a defendant failing to raise a distinct claim, forcing the district court to decide new issues and nullifying the efforts of the magistrate judge.

- 17 -

was "without sufficient facts to support a claim of ineffective assistance of counsel."). Thus, because Jolly failed to raise this claim before the Magistrate Judge or provide specific facts about his requested appeal, the Court rejects his claim.

### c. Evidentiary Hearing

As the Magistrate Judge correctly determined, Jolly is not entitled to an evidentiary hearing. *See* [R. 139, p. 19]. A court must hold an evidentiary hearing if the movant raises a factual dispute. *Martin v. United States*, 889 F.3d 827, 832 (6th Cir 2018). "The burden for establishing an entitlement to an evidentiary hearing is relatively light." *Id.* (internal quotations omitted). However, a court need not hold an evidentiary hearing if "the record conclusively shows that the petitioner is entitled to no relief" and "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* Here, Jolly has not presented factual allegations to support his claims. The written arguments plainly demonstrate that he is not entitled to relief, and thus no evidentiary hearing is necessary.

### d. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court should grant a certificate of appealability only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court agrees with Judge Smith that a certificate of appealability is inappropriate in this matter because Jolly has not made a substantial showing as to the denial of a constitutional right. *See* [R. 139, pp. 19–20]. The certificate of appealability is denied.

## IV. CONCLUSION

Jolly's *pro se* filings are detailed and impressive, but his arguments ultimately fail. For the reasons above and in Judge Smith's Recommendation, Jolly is not entitled to relief under § 2255. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, **[R. 139]**, is **ADOPTED** as the opinion of this Court.

2. Jolly's Objections to the Magistrate Judge's Order and Report and Recommendations, **[R. 142]**, are **OVERRULED**.

3. Jolly's Motion to Vacate under 28 U.S.C. § 2255, **[R. 114]**, is **DENIED**;

4. No certificate of appealability shall issue;

5. A separate judgment will be entered contemporaneously with this Order.

This the 5th day of April, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY