UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:17-CR-00027-CHB-1 |
| ) | |
| v. ) | |
| ) | **ORDER DENYING MOTION FOR** |
| DUSTIN JOLLY, ) | **SENTENCE REDUCTION** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Dustin Jolly's *pro se* Motion for Sentence Reduction (Compassionate Release). [R. 159]. The United States responded in opposition. [R. 161]. The matter is ripe for review. For the reasons stated herein, Defendant's motion is denied.

**I.     BACKGROUND**

On August 7, 2018, Defendant was sentenced to 180 months imprisonment, the mandatory minimum on Count 1 of 120 months for conspiracy to distribute 50 grams or more of a mixture containing methamphetamine, and a mandatory consecutive sentence of 60 months of Count 2 for possession of a firearm in furtherance of a drug trafficking crime. [R. 91 (Judgment)]; [R. 73 (Plea Agreement)]. Prior to his sentencing, the United States filed a Notice of Enhanced Statutory Punishment under 21 U.S.C. § 851 and § 841(b)(1)(B). [R. 65]. The Notice subjected Defendant to an enhanced statutory punishment pursuant to § 841(b)(1)(B) because he has a prior final felony drug conviction for Complicity to Traffic in Controlled Substance (Cocaine), 1st offense in Jefferson County, Kentucky on May 22, 2009 (Case Number 07-CR-03431). *Id.* The Notice meant

- 1 -

Jolly's statutory mandatory minimum in this case for Count 1 was increased from five years to ten years. *Id.*; [R. 21 (Superseding Indictment, penalties page)]; [R. 91].

Jolly is currently housed at McKean FCI, and his projected release date is February 18, 2030. *See Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 3, 2025). Jolly filed the current motion on April 7, 2025, [R. 159]. Such motions for a sentence reduction are pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." As discussed below, the Court will deny Mr. Jolly's motion.

## II.     LEGAL STANDARD

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court ***may not*** modify a term of imprisonment once it has been imposed ***except that***—
>
> (1) In any case—
>
> > (A) ***the court***, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, ***may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), ***after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that***—
> >
> > > *(i) extraordinary and compelling reasons warrant such a reduction . . .*
> > >
> > > *and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115–391, 132 Stat. 5194, only the director of the Bureau of Prisons (BOP) could move for a

sentence reduction under § 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020). However, under the FSA, courts may now consider a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833–35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 (internal citation and quotation marks omitted) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107–08; *see also United States v. McCall*, 56 F. 4th 1048, 1054 (6th Cir. 2022). At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Jones*, 980 F.3d at 1107–08 (internal quotation marks omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "'consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones*, 980 F.3d at 1108  (second alteration in original) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, the Sixth Circuit previously held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109–11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases where the defendant filed a motion for compassionate release, federal courts were permitted to "skip step two of the § 3582(c)(1)(A) inquiry and [had] full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. However, the United States Sentencing Commission recently amended the policy statement at U.S.S.G. § 1B1.13 to, among other things, clarify that the amended policy statement applies to defendant-filed motions. *See* U.S. Sent'g Comm'n, *2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)* (Apr. 2023) (available at https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023). The amended policy statement became effective on November 1, 2023. *Id.* As mentioned, that amendment extends the revised policy statement's applicability to include defendant-filed motions, like the one now before the Court. *See id.* at 1–2; U.S.S.G. § 1B1.13 (effective Nov. 1, 2023); *see generally United States v. Washington*, 122 F.4th 264 (6th Cir. 2024); *see also United States v. Clark*, 5:21-cr-84-1, 2023 WL 8374528, *2 (N.D. Ohio Dec. 4, 2023) (explaining that the policy statement now applies to 18 U.S.C. § 3582(c)(1)(A) motions brought by inmates); *Randall v. United States*, No. 4:03 cr-00922-TLW, 2023 WL 8242547, *1 (D.S.C. Nov. 28, 2023) (same). Further, "district courts may deny compassionate-release motions when any of the three

prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's motion.

### III. DISCUSSION

#### A. Extraordinary and Compelling Reasons

As an initial matter, the Court will address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833–35. Although Jolly attached a letter he wrote to the Warden dated March 1, 2025, requesting compassionate release, [R. 159-1, p. 6], the government contends the BOP records reveal his administrative request was never received. [R. 161, p. 2]. The government argues, therefore, that the motion can be denied on this ground alone. *Id.* Since the letter filed in the record by defendant indicates he attempted to exhaust his administrative remedies, the Court will not deny his request on this ground and finds the motion is properly before the Court. [R. 159-1, p. 6]; *Alam*, 960 F.3d at 833–35.

The Court next considers whether Defendant meets the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*. At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107–08. The statute does not define "extraordinary and compelling." However, as mentioned above, the amended policy statement in U.S.S.G. § 1B1.13 is now applicable to defendant-filed motions. *See* U.S.S.G. § 1B1.13 (effective Nov. 1, 2023).

In his motion, Defendant argues for a sentence reduction on three grounds: (1) if he were

sentenced today, the state court conviction used to enhance his statutory mandatory minimum to ten years would no longer be a qualifying conviction for enhancement due to a change in the law after he was sentenced; (2) his imprisonment during the entirety of COVID was unusually harsh; and (3) his mother suffers from extreme arthritis and he is the only available caregiver. [R. 159]. Attached to his motion, he also includes various documents including two letters from his mother's and father's health care provider, stating that both parents "need[] assistance with most of [their] ADL's [activities of daily living]." [R. 159-1, pp. 2–3]. He also attaches pictures of himself and various family members. *Id.* at 7–9. Although Defendant does not cite to a particular policy provision under § 1B1.13, the Court, like the United States, assumes that his first argument is based on § 1B1.13(b)(6) (unusually long sentence), and his argument related to his mother's health is based on § 1B1.13(b)(3)(C) (incapacitation of parent when defendant would be the only caregiver).

The government first argues that Defendant cannot demonstrate extraordinary and compelling reasons for release under § 1B1.13(b)(6) based on a non-retroactive change in the law because the Sixth Circuit recently found this policy statement was "invalid." [R. 161, pp. 3–4]. As the government correctly notes, the Sixth Circuit recently foreclosed any argument under § 1B1.13(b)(6) that a non-retroactive change in the law could be grounds for compassionate release. *See United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025). In *Bricker*, the Sixth Circuit held that the Sentencing Commission exceeded its authority in issuing § 1B1.13(b)(6) and found that policy statement "invalid." *Id.* This Court is obligated to follow Sixth Circuit precedent, and accordingly, finds that Defendant's first argument fails.

The government next argues that COVID-19 and its dangers are insufficient to qualify as extraordinary and compelling reasons for a sentence reduction for Defendant. [R. 161, pp. 4–5].

The United States notes that Defendant refused the COVID-19 vaccination in 2021, and otherwise wholly fails to show he suffers from any "serious physical or mental condition" himself as articulated under § 1B1.13(b)(1)(B). The Court agrees. The Court understands that Defendant and other prisoners undoubtedly endured difficult circumstances of confinement during the pandemic. However, the record before the Court fails to demonstrate extraordinary and compelling circumstances to reduce his sentence on this ground, where he declined to take the COVID-19 vaccination and otherwise reports no serious physical ailments of his own that might qualify under the policy statement at § 1B1.13(b)(1)(B). The Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

As to Defendant's argument, ostensibly under § 1B1.13(b)(3)(C), concerning his mother's health, the government contends this basis is "sorely lacking," because the record fails to demonstrate that his mother is incapacitated and in need of a primary caregiver and that Defendant is the only available caregiver. [R. 161, p. 5]. The Court agrees. Defendant attaches two letters to his motion, both from APRN Alisha Cooley. In the first letter APRN Cooley discusses the health issues of Defendant's mother and states his mother "needs assistance with most of her ADL's [activities of daily living]." [R. 159-1, p. 2]. She further advises that Defendant's mother "would benefit having a family member available to help with this." *Id.* The second letter, which addresses health issues concerning Defendant father, states the same, that he "needs assistance with most of his ADL's [activities of daily living]." [R. 159-1, p. 3]. It, too, provides that Defendant's father, "would benefit having a family member available to help [him] with this." *Id.* But this is

insufficient to make the needed showing under § 1B1.13(b)(3)(C). That is, Defendant has failed to show that his mother is "incapacitated" and that "he is the only available caregiver for [his] parent." § 1B1.13(b)(3)(C).

>Finally, Defendant cites to his rehabilitation while incarcerated, he writes:
>
>Jolly chose a road of self-betterment. In his pursuit of rehabilitation, he made exceptional strides in bettering himself. He has completed numerous rehabilitative programs. This shows his commitment to waking up every morning and going to work demonstrating his effort at real life skills training. His record of rehabilitation can be considered extraordinary. Jolly submits that he is no longer the man who made irrational and irresponsible choices to engage in criminal conduct, and that there is no concern that he would be a danger to the public if released. This is because he has learned to respect the rule of law, in conjunction with his rehabilitation.

[R. 159, p. 5]. The Court is greatly encouraged by Defendant's matured thinking and his commitment to self-betterment, reflected throughout his motion. This wise work and maturity in thinking will serve him well both during incarceration, and upon release and reintegration into the community. The Court commends him for this wise work. Nevertheless, the law provides that "rehabilitation of the defendant alone" cannot "be considered an extraordinary and compelling reason." 28 U.S.C. 994(t); *see also United States v. McCall*, 56 F.4th 1048, 1062 (6th Cir. 2022). While Defendant's strong efforts toward self-betterment are laudable and wise, on this record, they do not rise to the level of extraordinary and compelling reasons for relief.

Alternatively, the government argues that even if Defendant did meet the "extraordinary and compelling" prong for compassionate release based on one of the above grounds, his request fails under the § 3553(a) factors for a multitude of reasons. [R. 92, pp. 7–9]. The Court is deeply sympathetic to Defendant's family's health challenges and encouraged by his thoughtful motion and efforts toward "self-betterment." Notwithstanding Defendant's encouraging progress, however, the Court agrees with the United States that, even if Defendant met the first step of the

compassionate-release test—meaning, if the Court found "extraordinary and compelling" circumstances based on the arguments advanced by Defendant—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction under the current circumstances of this case.

### B. Balancing Under § 3553(a)

The Court has thoroughly reviewed the briefs and the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)–(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114 (internal quotation marks and citation omitted). Rather, the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* (internal citation and quotation marks omitted). This Court has thoroughly reviewed the sentencing proceedings in this case, along with the parties' arguments and submissions related to the current motion and is convinced that release is not warranted under the statutory factors.

Defendant pleaded guilty to conspiracy to distribute 50 grams or more of a methamphetamine mixture and to possession of a firearm in furtherance of his drug trafficking. [R. 91 (Judgment)]. He received an enhancement at sentencing for obstruction of justice when he fled from law enforcement and created a substantial risk of death or serious bodily injury during

flight. [PSR, ¶ 32]. His criminal history included other controlled substances offenses and violence. *See Generally* Presentence Investigation Report. The United States also notes that Jolly's disciplinary record while in custody weighs against a reduced sentence. Per the government, BOP records indicate that Jolly has received three disciplinary infractions, all of which occurred in 2025. [R. 161, p. 6]. On March 24, 2025 and April 28, 2025, Defendant was cited was for refusing to work. *Id.* On January 4, 2025, he received a sanction for possessing a cell phone. *Id.* Given the entire record, release would not "reflect the seriousness of the offense, []promote respect for the law, and []provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). On this record, granting the relief requested would undercut the dual goals of promoting respect for the law and providing just punishment. Release would also fail to deter criminal conduct and to protect the public. *See* § 3553(a)(2)(B)–(C). The Court has thoroughly reviewed all the § 3553(a) factors. For the foregoing reasons, and upon consideration of *all* the § 3553(a) sentencing factors, early release is not warranted.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Dustin Jolly's Motion for Sentence Reduction, [**R. 159**], is **DENIED**.

This the 3rd day of November 2025.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY